Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>EMMANUEL FUENTES ENRIQUEZ<br><br>Parte Peticionaria | TA2025AP00662 | Apelación acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. F VI2019G0004 al 0005; F LA2019G0031 al 0033<br><br>Sobre: Art. 93 (A) C.P. (2 cargos); Art. 5.04 L.A.; Art. 5.15 L.A. (2 cargos) |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece por derecho propio y de manera *pauperis*[1] el Sr. Emmanuel Fuentes Enríquez (señor Fuentes Enríquez), quien está bajo la custodia del Departamento de Corrección y Rehabilitación, mediante escrito de apelación, recibido por nuestra Secretaría el 14 de noviembre de 2025, y que acogemos como un recurso de *certiorari*[2] por ser un asunto post sentencia.

El señor Fuentes Enríquez, al amparo de las Reglas 192.1 y 185 de las de Procedimiento Criminal, 34 LPRA Ap. II, procura que este Tribunal modifique o enmiende la sentencia dictada en su contra el 12 de febrero de 2020, a los fines de que se atenúe la

---

[1] El señor Fuentes Enríquez acompañó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia,* debidamente cumplimentado y juramentado. Se autoriza la litigación *in forma pauperis.*
[2] Sin embargo, mantenemos la identificación alfanumérica original asignada por la Secretaría del Tribunal de Apelaciones.

clasificación de uno de los delitos, se elimine otro y se aplique la bonificación estatuida en la Regla 182 de Procedimiento Criminal, *supra.*

Según surge del apéndice del recurso, mediante la aludida *Sentencia* del 12 de febrero de 2020, el Tribunal de Primera Instancia (TPI) condenó al señor Fuentes Enríquez a cumplir una pena total de ciento cincuenta y ocho (158) años de reclusión por infracción al Artículo 93 (a) del Código Penal (dos cargos), y los Artículos 5.04 y 5.15 (dos cargos) de la Ley de Armas de Puerto Rico.

El señor Fuentes Enríquez argumenta que la imposición de la sentencia antes descrita es una violación a sus derechos constitucionales, ya que, el 23 de mayo de 2019, fue previamente sentenciado por el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico, presuntamente por el mismo delito.[3]

Sin embargo, no surge del expediente que el señor Fuentes Enríquez hubiera incoado su planteamiento ante el TPI, o que exista algún dictamen justipreciado por dicho foro respecto al asunto, que nos permita acreditar nuestra jurisdicción de manera que podamos ejercer nuestra facultad revisora. Éste insta su reclamo directamente ante este tribunal apelativo. Toda vez que el señor Fuentes Enríquez ha acudido directamente a este foro apelativo y no presenta un dictamen final que podamos evaluar, por ser este un Tribunal revisor, carecemos de jurisdicción para acoger y dilucidar su petición y conceder el remedio solicitado, de ser este procedente en derecho.

Le corresponde al foro de primera instancia ventilar dicha controversia y adjudicarla en sus méritos. Luego de que el TPI se exprese en cuanto a la procedencia o no de la petición del señor

---

[3] Hacemos constar que el señor Fuentes Enríquez ha comparecido ante este Foro solicitando que se modifique su sentencia condenatoria en los siguientes recursos: KLAN202000182, KLCE202101331, KLCE202101395, KLCE202100055 y KLCE202300426.

Fuentes Enríquez es que este Tribunal de Apelaciones poseerá jurisdicción para revisar la determinación que el foro de instancia emita al respecto.

Además, el recurso incumple sustancialmente con todos los requisitos esbozados en nuestro Reglamento cuyo cumplimiento es indispensable para su consideración. Véase, Parte IV (*Certiorari)* del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

En conclusión, el señor Fuentes Enríquez debe acudir en primer lugar ante el TPI para que dicho foro primario emita una determinación judicial sobre su solicitud, de manera que este Tribunal de Apelaciones pueda tener ante sí un dictamen judicial para revisar. En ausencia de una expresión del TPI, que dictó la sentencia condenatoria que se procura modificar o enmendar, el Tribunal de Apelaciones carece de autoridad para acceder a la petición del señor Fuentes Enríquez.

En atención a lo antes expresado, desestimamos el recurso por falta de jurisdicción, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra.*[4]

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[4] La citada regla, provee para que este Tribunal desestime, a iniciativa propia, un recurso por falta de jurisdicción.